| | |
|---|---|
| 1 | Bobby A. Ghajar (SBN 198719) |
| | Bobby.Ghajar@pillsburylaw.com |
| 2 | Kelly W. Craven (SBN 248050) |
| | Kelly.Craven@pillsburylaw.com |
| 3 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| | 725 South Figueroa Street, Suite 2800 |
| 4 | Los Angeles, CA 90017-5406 |
| | Telephone: (213) 488-7100 |
| 5 | Facsimile: (213) 629-1033 |
| 6 | Ben M. Davidson (SBN 181464) |
| | bdavidson@davidson-lawfirm.com |
| 7 | DAVIDSON LAW GROUP |
| | 11377 West Olympic Boulevard |
| 8 | Los Angeles, CA 90064 |
| | Telephone (310) 473-2300 |
| 9 | Facsimile (310) 473-2941 |
| 10 | Attorneys for Plaintiffs |
| | Spin Master, Ltd., Justin Heimberg, and David Gomberg |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SPIN MASTER, LTD., JUSTIN HEIMBERG and DAVID GOMBERG, <br><br>Plaintiffs, <br><br>vs. <br><br>ZOBMONDO ENTERTAINMENT, LLC, and RANDALL HORN, <br><br>Defendants. <br><br>AND RELATED CROSS-CLAIMS. <br><br>AND CONSOLIDATED ACTION. | Case No. CV-06-3459-ABC(JTLx) <br>Consolidated with <br>Case No. CV-07-0571-ABC(JTLx) <br><br>**DECLARATION OF PETER KRISTOFFY IN SUPPORT OF PLAINTIFFS' MOTION FOR MOTION FOR ENTRY OF JUDGMENT CONSISTENT WITH SPECIAL VERDICT AND PERMANENT INJUNCTION** <br><br>Date: December 3, 2012 <br>Time: 10:00 a.m. <br>Ctrm: 680 <br>Judge: Audrey B. Collins |

I, Peter Kristoffy, hereby declare as follows:

1. I am currently employed by Spin Master, Ltd. as Vice President of Marketing for the games division. I have held this position since December 2010. I have over twenty-five years of marketing experience – approximately twenty of which have been in the board game industry. The matters stated below are of my own personal knowledge. If called as a witness, I could and would testify competently thereto. I make this Declaration in support of Plaintiffs' Motion for Entry of Judgment.

2. In my experience in the board game industry, it is extremely rare and unusual to have the situation where there are two games of the identical name competing against each other, like the WOULD YOU RATHER…? confusion Spin Master is currently facing. Currently, I cannot think of a single example of two, identically-named game brands sold in retail stores by different manufacturers, absent a license. Once a game brand gets into the mass retailers, it is very hard to dislocate it, and it is even harder to come in as the second-in-time supplier of the game with the same name.

3. I am aware that, as recently as the week before trial, Spin Master continued to be unable to get mass retailer Target to list our WOULD YOU RATHER…? game because Target is carrying Zobmondo's WOULD YOU RATHER…? game. Target would not carry a second game of that identical name. Earlier this year, I was aware that Walmart initially refused to carry the Spin Master WOULD YOU RATHER…? game because of Zobmondo's identically-named game, but then finally decided to list the Spin Master game in an "end cap" run, which means at the end of an aisle in certain stores, for a limited period of time, and not in the traditional board game aisle. However, Spin Master has not

1  been able to replace Zobmondo's full distribution in the board game department.

2

3      4.    Target and Walmart are two of the most important mass retailers for
4  Spin Master's games division in terms of distribution, sales, and also marketing.
5  Because of the marketplace confusion caused by the presence of Zobmondo's
6  identically-named game, Spin Master has not been able to do the kind of marketing
7  it would typically do for its WOULD YOU RATHER…? game.  We determined
8  that, while the lawsuit was pending and Zobmondo was continuing to sell its
9  products under our WOULD YOU RATHER…? brand, including in mass retail
10 outlets like Target, Spin Master's marketing spend would benefit Zobmondo's
11 infringing game, and we did not want to do that.  For example, we have not been
12 able to commit to television advertising similar to what we have done in the past
13 for our other games, like Quelf, Stratego, The Logo Game, and others.  *See, e.g.*
14 http://www.youtube.com/watch?v=h6VXmdVFJvE&feature=relmfu,
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

1 http://www.youtube.com/watch?v=ttAuolElq4I&feature=plcp
2 ), and
3 http://www.youtube.com/watch?v=Bm7fvwkVMCg&feature=rela
4 ted.  Television advertising requires that the game be
5 available in the major mass retail channels once the
6 consumers know to look for it – there is a great risk
7 that consumers will go to the stores, or even online,
8 and purchase the wrong WOULD YOU RATHER…? game.
9      5.   The upcoming game sales season is the most
10 important and most lucrative, where approximately 70%
11 of sales occur between the Thanksgiving and Christmas
12 holidays.  This is the single time of year when
13 Zobmondo will experience its largest sales using
14 Plaintiffs' WOULD YOU RATHER…? mark and Spin Master
15 will suffer further confusion and lost sales amongst
16 our target consumers.
17      I declare under penalty of perjury under the laws
18 of the United States of America that the foregoing is
19 true and correct.
20      Executed this 13th day of November, 2012 in
21 Longmeadow, MA.

_____
Peter Kristoffy