Bobby A. Ghajar (SBN 198719)
Bobby.Ghajar@pillsburylaw.com
Kelly W. Craven (SBN 248050)
Kelly.Craven@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Ben M. Davidson (SBN 181464)
bdavidson@davidson-lawfirm.com
DAVIDSON LAW GROUP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Telephone (310) 473-2300
Facsimile (310) 473-2941

Attorneys for Plaintiffs
Spin Master, Ltd., Justin Heimberg, and David Gomberg

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SPIN MASTER, LTD., JUSTIN HEIMBERG and DAVID GOMBERG, <br><br> Plaintiffs, <br><br> vs. <br><br> ZOBMONDO ENTERTAINMENT, LLC, and RANDALL HORN, <br><br> Defendants. <br><br>——————————————— <br> AND RELATED CROSS-CLAIMS. <br>——————————————— <br> AND CONSOLIDATED ACTION. <br>——————————————— | Case No. CV-06-3459-ABC(JTLx) <br> Consolidated with <br> Case No. CV-07-0571-ABC(JTLx) <br><br> **DECLARATION OF KELLY W. CRAVEN IN SUPPORT OF PLAINTIFFS' SUBMISSION OF MOTION FOR ENTRY OF JUDGMENT CONSISTENT WITH SPECIAL VERDICT AND PERMANENT INJUNCTION** <br><br> Hearing:   December 3, 2012 <br> Time:        10 a.m. <br><br> Trial Date: October 23, 2012 <br> Verdict date: November 5, 2012 <br><br> Judge:   Hon. Audrey B. Collins <br> Crtrm:   680 |

I, Kelly W. Craven, hereby declare as follows:

1.      I am an attorney licensed to practice in the State of California and an associate with the law firm of Pillsbury Winthrop Shaw Pittman LLP, representing Plaintiffs.  The matters stated below are of my own personal knowledge.  If called as a witness, I could and would testify competently thereto.  I make this Declaration in support of Plaintiffs' Motion for Entry of Judgment Consistent with Special Verdict and Permanent Injunction.

2.      Transcripts from the punitive damages phase of trial are not yet available.  However, I was present during these proceedings when Defendants' counsel argued that their infringing products would need to be pulled from the shelves.  Additionally, I was present for Mr. Horn's testimony, in which he claimed that, as of the Sunday before (i.e. November 4, 2012), he had roughly $12,000 in his personal checking account, and less than $200,000 in Zobmondo's company account.  At trial, Plaintiffs' walked Mr. Horn through several reports from his QuickBooks files, including payments to himself in the year before the case was originally going to go to trial (in early 2011) of over $2.4 million dollars (between the approximately $800,000 salary labeled "guaranteed payments RSH" and an owner's capital draw of approximately $1.6 million.)  The exact amounts from these QuickBooks entries total $2,427,921 for 2010.  Additionally, based on Zobmondo's sales data from 2010-2011, when isolating Target and Walmart from Zobmondo's other accounts, these two mass retailers comprised 76% of Zobmondo's sales.  Plaintiffs will make all reports available, should the Court request further explanation.

3.      For ease of cross-referencing the trial transcripts, Trial Exhibits are attached hereto using the same numbering (as opposed to sequential numerical order beginning at Exhibit 1).

4.      Attached hereto as **Exhibit 24** is a true and correct copy of Trial Exhibit 24, an email dated 2/24/00 to Raela Ripaldi from Randy Horn.

5.      Attached hereto as **Exhibit 25** is a true and correct copy of Trial Exhibit 25, a list over alternative name choices from Zobmondo's files.

6.      Attached hereto as **Exhibit 53** is a true and correct copy of Trial Exhibit 53, an email dated 5/24/02 to Darrell Horn from Randy Horn.

7.      Attached hereto as **Exhibit 62** is a true and correct copy of Trial Exhibit 62, the Notice of Opposition filed by Zobmondo against Plaintiffs' application to register the mark WOULD YOU RATHER...?  .

8.      Attached hereto as **Exhibit 68** is a true and correct copy of Trial Exhibit 68, an email from Richard Gottlieb to Randy Horn dated 12/22/06.

9.      Attached hereto as **Exhibit 78** is a true and correct copy of Trial Exhibit 78, and email from Randy Horn to Chuck Thomas dated 04/15/09.

10.     Attached hereto as **Exhibit 87** is a true and correct copy of Trial Exhibit 87, an email from Neil Kohler to Casey Nicks dated 05/23/10.

11.     Attached hereto as **Exhibit 90** is a true and correct copy of Trial Exhibit 90, and email from Randy Horn to Darcy Horn dated 08/07/09, attaching Mr. Horn's Cost of Confusion article.

12.     Attached hereto as **Exhibit 139** is a true and correct copy of Trial Exhibit 139, and email from Randy Horn to Justin Heimberg dated 05/05/03.

13.     Attached hereto as **Exhibit 182** is a true and correct copy of Trial Exhibit 182, and email from Plaintiff Heimberg's brother dated 11/12/06 regarding confusion with Zobmondo.

14.     Attached hereto as **Exhibit 233** is a true and correct copy of Trial Exhibit 233, an email from Janet Steele to David Gomberg dated 06/09/03 regarding confusion.

15.     Attached hereto as **Exhibit 433** is a true and correct copy of Trial Exhibit 433, a document entitled Long and Short Term Goals including a document entitled "High 5 (as of Jan 2007).

16.     Attached hereto as **Exhibit 588** is a true and correct copy of Trial Exhibit 588, an email from Tim Malott to Paul Reiner, dated 09/26/08.

17.     Attached hereto as **Exhibit 568** is a true and correct copy of Trial Exhibit 568, an email from Randy Horn to John Ferriter and Lonnie Burstein, dated 04/20/08.

18.     Attached hereto as **Exhibit 664** is a true and correct copy of Trial Exhibit 664, an email from K.C. Gentzel to David Gomberg dated 11/28/06.

19.     Attached hereto as **Exhibit 665** is a true and correct copy of Trial Exhibit 665, an email from Erica Heisman to David Gomberg dated 03/29/06.

20.     Attached hereto as **Exhibit 666** is a true and correct copy of Trial Exhibit 666, an email from Mr. Jurgensen to Ms. Dellimore and Defendants' counsel regarding Cahootie Would You Rather?, dated 02/26/09.

21.     Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the deposition of Mr. Horn, which were played for the jury as impeachment during trial.

22.     Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the trial testimony of Mr. Horn.

23.     Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the trial testimony of Mr. Gomberg.

24.     Attached hereto as **Exhibit D** is a true and correct copy of exerpts from the trial testimony of Mr. Heimberg.

25.     Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the deposition of Neil Kohler, which were played for the jury during trial.

26.   Attached hereto as **Exhibit F** is a true and correct copy of excerpts from the trial testimony of Mr. Fleming.

27.   Attached hereto as **Exhibit G** is a true and correct copy of excerpts from Defendants' Responses to Plaintiffs' Requests for Admissions Numbers 81-84.

28.   Attached hereto as **Exhibit H** are recent examples of Target and Walmart circular ads which feature the Zobmondo WOULD YOU RATHER…? game.  I recently became aware that Defendants are still conducting a radio advertising campaign on at least the Dan Patrick show, which promotes Zobmondo's WOULD YOU RATHER…? game and mentions availability in Barnes and Noble and amazon.com.  The segment aired at approximately 7:45-7:50 a.m. on, at least, November 9, 2012.

29.   Attached hereto as **Exhibit I** is a true and correct copy of a printout from a search for Zobmondo!! in the California Secretary of State business entity database showing that as of November 9, 2012, Zobmondo's corporate status is now "suspended."

30.   Attached hereto as **Exhibit J** is a true and correct copy of printouts showing Plaintiffs' pending federal trademark applications and registrations for the WOULD YOU RATHER…? mark, covering a broad range of goods and services.

31.   Attached hereto as **Exhibit K** is a true and correct copy of a comprehensive asset report that was done at my direction, which indicates that Mr. Horn transferred interest in his personal property (his Greenbrae home) to Darrell and Nancy Horn on two occasions last year in 2011.

32.   Attached hereto as **Exhibit L** is a true and correct copy of an email I sent to Defendants' counsel on November 13, 2012, following up on correspondence included therein on November 9, 2012.  Counsel has not responded to either communication; therefore Plaintiffs expect them to oppose.

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3    Executed this 13th day of November 2012 in Los Angeles, California.

4

5                                         /s/ Kelly W. Craven
                                    _____
6                                         Kelly W. Craven

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28