Bobby A. Ghajar (SBN 198719)
  Bobby.Ghajar@pillsburylaw.com
Kelly W. Craven (SBN 248050)
  Kelly.Craven@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100 / Facsimile: (213) 629-1033

Ben M. Davidson (SBN 181464)
  bdavidson@davidson-lawfirm.com
DAVIDSON LAW GROUP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Telephone (310) 473-2300 / Facsimile (310) 473-2941

Attorneys for Plaintiffs
Spin Master, Ltd., Justin Heimberg, and David Gomberg

Lawrence Y. Iser (SBN 094611)
  liser@kwikalaw.com
Gregory P. Korn (SBN 205306)
  gkorn@kwikalaw.com
Gregory S. Gabriel (SBN 239902)
  ggabriel@kwikalaw.com
KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA 90401
Telephone: (310) 566-9800 / Facsimile: (310) 566-9850

Attorneys for Defendants
ZOBMONDO ENTERTAINMENT LLC and RANDALL HORN



JS 6 ✓

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIN MASTER, LTD., JUSTIN HEIMBERG and DAVID GOMBERG,<br><br>Plaintiffs,<br><br>vs.<br><br>ZOBMONDO ENTERTAINMENT, LLC, and RANDALL HORN,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS.<br><br>AND CONSOLIDATED ACTION. | CASE NO. CV06-3459 ABC(JTLx)<br>Consolidated with<br>CASE NO. CV07-0571 ABC(JTLx)<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

-1-

WHEREAS:

(1) Plaintiffs Spin Master Ltd., Justin Heimberg, and David Gomberg and Defendants Zobmondo Entertainment LLC and Randall Horn (collectively the "Parties"), filed Complaints in 2006 which were consolidated into the above-titled action;

(2) Plaintiffs own valid common law trademark rights for WOULD YOU RATHER...?, which is the subject of valid, subsisting and enforceable federal trademark registrations, including U.S. Registration No. 3,451,486, and pending federal trademark applications including U.S. Application Nos. 77/607,413; 77/616,271; 77/504,513; 85/087,153; 78/782,473 and 77/469,195 for WOULD YOU RATHER...?, as well as U.S. Application No. 85/087,154 for JUSTIN AND DAVE'S WOULD YOU RATHER...?;

(3) These WOULD YOU RATHER...? marks are each valid, subsisting and enforceable against Defendants;

(4) Plaintiffs have the exclusive right to use their WOULD YOU RATHER...? marks on their entertainment products and services (including but not limited to books, board games, card games, DVD games, mobile games, and television shows);

(5) Defendants have used the WOULD YOU RATHER...? mark on products likely to cause confusion with respect to the source or sponsorship of the products sold under such marks, without Plaintiffs' consent;

(6) Plaintiffs have been damaged as a result of Defendants' infringement;

(7) A jury trial commenced before this Court on October 23, 2012, and the jury entered a special verdict in favor of Plaintiffs on November 5, 2012, including a finding for punitive damages;

(8) On November 13, 2012, Plaintiffs applied for a final judgment, including a permanent injunction, and other relief which is pending before the Court;

(9) Pursuant to a contemporaneous confidential Settlement Agreement entered into on November 15, 2012, the parties wish to have the following consent judgment

and permanent injunction to be entered immediately (or at least within fourteen (14) days of filing).

Accordingly the parties agree, subject to the approval of the Court, to the entry of the following Consent Permanent Injunction:

IT IS HEREBY ORDERED AND DECREED that:

**(1)** **Jurisdiction Established and Retained**. This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§1331, 1332, 1338(a)-(b) and 1367(a). This Court shall retain jurisdiction over this action and the parties for the purpose of enforcement of this Consent Judgment and the confidential Settlement Agreement entered into between the parties. Therefore, Plaintiffs may apply to this Court in the future for such further orders and directions as may be necessary or appropriate to resolve any issues out of a claim of violation of or noncompliance.

**(2)** **Judgment for Plaintiffs on Their Claims**. Judgment is hereby entered for the Plaintiffs Spin Master Ltd., Justin Heimberg, and David Gomberg ("Plaintiffs") and against the Defendants Zobmondo!! Entertainment and Randall Horn ("Defendants") on Plaintiffs' claims for:

(A) infringement of Plaintiffs' valid and enforceable WOULD YOU RATHER…? trademark in violation of 15 U.S.C. §1125(a);

(B) unfair competition and trademark infringement in violation of common law, which violations have been shown by clear and convincing evidence to have been through conduct consisting of oppression, malice or fraud;

(C) actual damages from Defendants' infringement under 15 U.S.C. § 1117(a), in the amount of $5,109,040;

(D) punitive damages to punish Defendants and deter them from future conduct in violation of common law of unfair competition, in the amount of $3,500,000;

However, pursuant to all terms of the parties' Settlement Agreement, Plaintiffs will not seek to collect the above monetary relief, or their reasonable attorneys' fees,

costs, or prejudgment interest, except as provided in the Settlement Agreement. Nothing herein shall limit or prevent Plaintiffs ability to seek their attorneys' fees, costs, or other relief as prevailing parties in this action in the event of a material breach of the Settlement Agreement.

**(3)** **Permanent Injunction.** Defendants and each of their owners, officers, directors, servants, employees, attorneys, agents, representatives, sales representatives, and all persons in active concert or participation with them, including but not limited to Randall Horn, shall be permanently enjoined from:

(A) making, manufacturing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising, and/or otherwise marketing or disposing of any goods, packaging, or any other items which bear, depict, or use the phrase WOULD YOU RATHER…? (regardless of stylization, punctuation, capitalization, or logo treatment), or any confusingly similar variations thereof. This prohibition and restriction shall apply to any board game, card game, book, calendar, apparel, software, media, or other entertainment or game product or service – physical, digital, or otherwise – which bears, depicts, or uses the phrase "Would You Rather" (regardless of stylization, punctuation, capitalization, or logo treatment) – including but not limited to all accused items in this litigation (e.g. the "Classic," "Twisted, Sick & Wrong," and "Late Night" versions of WOULD YOU RATHER…? games and books), all identified items in the litigation (e.g. the ZOBMONDO (purple box) and ZOBMONDO LITE (brown box) products incorporating "WOULD YOU RATHER" in the tagline), related products such as Zobmondo's YOU'VE GOTTA BE KIDDING game, which incorporates "WOULD YOU RATHER…? in the tagline, any products by Defendants, or any related or affiliated person or entity, that feature content that uses the phrase "would you rather" or anything similar in meaning; and any extensions, variations or combinations of the WOULD YOU RATHER brand or title (e.g. YOU'D RATHER WHAT?, WOULDN'T YOU RATHER?, and WHICH WOULD YOU RATHER?).

(B) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants or their products emanate from, or are affiliated or connected with, or sponsored or approved by, Plaintiffs or their WOULD YOU RATHER...? brand;

(C) producing, marketing, manufacturing, distributing, selling, promoting, profiting from or having any involvement in games, books, products, or media featuring or based on the concept of having to choose between one or more humorous, desirable, undesirable, or bizarre dilemmas, or any product that is substantially similar in concept or game play to the parties' WOULD YOU RATHER...? games, books, and products (regardless of the words that are used to construct the dilemmas or questions), in any format whatsoever (whether digital, electronic, printed, or physical, or formats not currently in existence);

(D) interfere with, in any way -- either directly or indirectly (e.g. through any third party) -- Plaintiffs' or their assigns' or licensees' use, registration, marketing, application to register, expansion, enforcement, placement, exploitation, and sale of their WOULD YOU RATHER...? trademark, products, and services;

(E) Under the terms of a limited license from Plaintiff Spin Master, Defendants shall have until March 1, 2013 to sell any remaining, existing inventory of WOULD YOU RATHER...? Related Products, which it has represented and warranted does not exceed approximately 529,565 units (195,810 board games, 318,755 card games, 15,000 books).

**(4)     Termination of Matter**. This Consent Judgment concludes all proceedings between the parties.

Dated: _____11/20/ 2012_____         _____
                                    Honorable Audrey Collins
                                    U.S. District Court Judge

99062.00005/148731.2